IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02808-RPM-BNB

CAPITAL CONFIRMATION, INC.,

    Plaintiff,

v.

AUDITCONFIRMATIONS LLC,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff Capital Confirmation, Inc. ("Capital") and Defendant-Counterclaimant AuditConfirmations LLC ("AuditConfirmations") (collectively, the "Parties") hereby stipulate to and move the Court to enter a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, in support thereof, state as follows:

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket

protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no *per se* entitlement to file confidential information under seal. Rather, D.C.COLO.LCivR. 7.2 and 7.3 set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (as defined below), and their respective support staff.

2.2 <u>Non-Party</u>: an entity or individual, including all of its officers, directors, employees, consultants, retained experts, and counsel that are not parties to this action and do not represent parties to this action.

2.3 <u>Counsel</u>: outside counsel of record in this action, including all attorneys of the respective law firms, regardless whether any individual attorney has entered an appearance in the case.

2.4 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this action.

2.5     "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

2.6     "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or Non-Party would create a substantial risk of significant injury that could not be avoided by less restrictive means, including, without limitation, trade secrets.

2.7     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.8     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.9     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.10    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.11    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who: (a) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action; (b) is not a past or a current employee of a Party or of a competitor of a Party; and (c) at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material, but also any information copied or extracted from it, as well as all copies, excerpts, summaries, or compilations of it, plus testimony, conversations, or presentations by any Party or Counsel to or in court or in other settings that might reveal Protected Material.

4.     DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that Disclosures or Discovery Material that it designated for protection do not qualify for protection at all, or do not qualify for the level of

protection initially asserted, that Designating Party must promptly notify all Parties that it is withdrawing the mistaken designation.

5.2  Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, Section 5.2(b)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential - Attorneys' Eyes Only").

In the event that a Party or Non-Party makes original documents or materials available for inspection, such Party or Non-Party need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the materials made available for inspection will be treated as "Highly Confidential - Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend

("Confidential" or "Highly Confidential - Attorneys' Eyes Only") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential - Attorneys' Eyes Only").

(b) for testimony given in deposition or in other pretrial or trial proceedings in this civil action, that the Party or Non-Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." At the request of any Designating Party, persons other than those identified by Sections 7.2 or 7.4 of this Order, as applicable, shall not be present during any deposition or pretrial testimony, or during the use of any other Disclosure or Discovery Material incident to such testimony, designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by any Party or Non-Party.

The Party or Non-Party that sponsors, offers, or gives the testimony may also designate the testimony as a whole, and shall specify the level of protection being asserted ("Confidential" or "Highly Confidential - Attorneys' Eyes Only"). Testimony that is designated as a whole shall cease to be protected under this Order on the 21st day after receipt of the deposition transcript by Counsel for the witness unless, before that time has elapsed, the witness, his employer or his Counsel: (i) informs the deposing party in writing that protected testimony of the witness or his employer is set forth in the transcript; and (ii) identifies in writing the portions of the transcript

containing the protected testimony. In the case of Non-Party witnesses, either Capital, AuditConfirmations, the Non-Party witness, the Non-Party witness' employer, or counsel representing the Non-Party witness may designate testimony as a whole during the deposition, and, in accordance with the above provision, designate specific testimony as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" within 21 days of receipt of the deposition transcript by counsel for the Non-Party witness.

Transcript pages containing Protected Material resulting from this action must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection for such material under this Order. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the

Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party in person or by telephone. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding Section and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the

challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1  Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)  the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  no more than five (5) officers, directors, or employees of the Receiving Party who have signed and provided to Counsel for the Designating Party the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

(c)  Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed and provided to Counsel for the Designating Party the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) the author of the document, the original source of the information, and others who had access to the document or the information at the time it was created or made available, as determined from the face of the document in question, reference information in other documents, or the testimony of other witnesses.

7.3 <u>Disclosure of "Highly Confidential - Attorneys' Eyes Only" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential - Attorneys' Eyes Only' only to:

(a) the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed and provided to Counsel for the Designating Party the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A) and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(e) the author of the document or the original source of the information and others who had access to the document or the information at the time it was created or made available,

as determined from the face of the document in question, reference information in other documents, or the testimony of other witnesses.

Notwithstanding the foregoing, Counsel of the Receiving Party will be permitted to rely upon such information in advising its clients so long as such information is not disclosed.

7.4     Procedures for Approving Disclosure of "Highly Confidential - Attorneys' Eyes Only" Information or Items to Experts.

(a)     Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert – an individual or entity who has been retained by a Party or its Counsel to serve as a testifying expert witness – any information or item that has been designated "Highly Confidential - Attorneys' Eyes Only" first must make a written disclosure to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current résumé, (3) identifies the Expert's current employer(s), (4) identifies (by name and number of the case, filing date, and location of court) any litigation in which the Expert has provided an expert report or given deposition or trial testimony during the preceding four years, and (5) certifies that the Expert has signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

(b)     A Party that makes a request and provides the information specified in the preceding Section may disclose the subject Protected Material to the identified Expert unless, within three (3) court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(d) Any person or entity retained by a Party or its Counsel as a "Consulting Expert" – a person or entity who has not yet been retained or disclosed as a testifying Expert – need not be disclosed pursuant to the terms of Sections 7 (a) - (c), above. However, any such consulting expert must agree to be bound by this Protective Order in all respects, and will be required to sign the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A), prior to the disclosure of any information or item that has been designated "Highly Confidential - Attorneys' Eyes Only" to that consulting expert. The Party or Counsel retaining the Consulting Expert shall preserve the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A) signed by the Consulting Expert through the final termination (including appeals) of

this case. In the event that the Consulting Expert becomes a testifying Expert, then the provisions of Sections 7(a) – (c), above, will become applicable to that Expert.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party promptly and in writing, and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in that court - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

## 10. INADVERTENT DISCLOSURE OF MATERIAL SUBJECT TO A CLAIM OF ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT IMMUNITY

Nothing in this Stipulation and Protective Order shall require production of information which any Party or Non-Party contends is protected from disclosure by the attorney-client privilege or work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a Party has inadvertently produced to the other Party information subject to claim of immunity or privilege, the other Party upon request shall promptly return the information for which a claim of inadvertent production is made. The Party returning such information may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

## 11. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with D.C.COLO.LCivR. 7.2 and 7.3.

## 12. PRESENTATION AT TRIAL

A Party seeking to present "Confidential" or "Highly Confidential – Attorney's Eyes Only" Information at trial will be permitted to seek protection of such material from the Court. Nothing in this Stipulated Protective Order shall be construed as an admission by the Receiving Party that such protection is necessary at trial.

## 13. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, including any appeal, each Receiving Party must return all Protected Material to the Producing Party. As used in this Section, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms

of reproducing or capturing any of the Protected Material. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

**14. MISCELLANEOUS**

14.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

DATED this 15th day of April, 2010.

BY THE COURT:

_[signature]_
RICHARD P. MATSCH
United States District Judge
District of Colorado

SO STIPULATED:

_/s/ Edward D. Lanquist, Jr._____
Edward D. Lanquist, Jr.
R. Parrish Freeman, Jr.
WADDEY & PATTERSON, PC
1600 Division Street, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 242-2400
e-mail: edl@iplawgroup.com
      rpf@iplawgroup.com

Russell O. Stewart
Jacy T. Rock
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203-4532
Telephone: (303) 607-3600
e-mail: rstewart@faegre.com
      jrock@faegre.com

Attorneys for Plaintiff

_/s/ Steven C. Choquette_____
Steven C. Choquette
Valerie L. Simons
Gregory S. Tolentino
CHOQUETTE & SIMONS LLP
600 Grant St., Suite 206
Denver, CO 80203
Telephone: (303) 863-7000
e-mail: steve@choquettesimons.com
      valerie@choquettesimons.com
      greg@choquettesimons.com

Attorneys for Defendant-Counterclaimant

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado on _____ [date] in the case of *Capital Confirmation, Inc. v. AuditConfirmations LLC*, Civil Action No. 1:09-cv-02808-RPM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ (print or type full name] of _____ [print or type full address and telephone number] as my Colorado agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____